UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESA MANAGEMENT, LLC,<br><br>                             Plaintiff,<br>v.<br>TIMOTHY KALER,<br><br>                             Defendant. | Case No.: 24-CV-01755-CAB-SBC<br><br>**ORDER**<br><br>**GRANTING REMAND**<br><br>**DENYING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>[ECF No. 2, 3] |

       On October 2, 2024, Defendant Timothy Kaler removed this case from San Diego County Superior Court (Case No. 37-2023-00010833-CL-UD-CTL). [ECF No. 1.] This is not the first time Defendant has sought removal. In fact, this is now the third time that Defendant has attempted to remove the underlying case to federal court. *See ESA Mgmt., LLC v. Kaler*, No. 3:23-CV-01324-RBM-MMP, 2023 WL 4932088, at *3 (S.D. Cal. Aug. 2, 2023), *appeal dismissed*, No. 23-55694, 2023 WL 7401409 (9th Cir. Sept. 28, 2023) (hereinafter, "*Kaler I*"); *ESA Mgmt., LLC v. Kaler*, No. 3:24-CV-00175-RBM-MMP, 2024 WL 3542584, at *1 (S.D. Cal. June 5, 2024), *appeal dismissed*, No. 24-3590, 2024 WL 3548314 (9th Cir. June 20, 2024) (hereinafter "*Kaler II*"). In both of Defendant's prior

attempts at removal, the reviewing district court ordered remand.  Defendant even appealed those remand decisions twice: both efforts were summarily dismissed by the Ninth Circuit.  Plaintiff ESA Management, LLC represents that Defendant now faces a default judgment at the state level.  At issue is Plaintiff's (third) motion to remand this case back to state court.  [ECF No. 3.]  Defendant also filed a motion to proceed *in forma pauperis* ("IFP").  [ECF No. 2.]

      The district court must remand any case removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).  The Court can adjudicate subject matter jurisdiction sua sponte.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  In favor of remand, Plaintiff argues that Defendant failed to include in his removal notice "a copy of all process, pleadings, and orders served upon such defendant."  [ECF No. 3 at 3.]  Additionally, Plaintiff asserts that removal is untimely since Defendant "was served with the summons and complaint on April 17, 2023" and "had until May 17, 2023 to seek removal" to federal court.  [*Id.*; *see* 28 U.S.C. § 1446 (b)(l) (30-day removal deadline)].  Of course, the Court recognizes that this **exact same** state case has already been removed and remanded twice before.

      In the first order for remand, the reviewing district court concluded that neither a relevant federal question nor diversity provided subject matter jurisdiction.  *See Kaler I*, 2023 WL 4932088, at *2–3.  In its second remand order, the district court addressed the same removal defects identified by Plaintiff on this third go-around.  *See Kaler II*, 2024 WL 3548314, at *1.  The outcome here should be no different: the Court lacks subject matter jurisdiction for the reasons identified in *Kaler I & II* and **REMANDS** this case back to the San Diego County Superior Court.  [ECF No. 3.]  The Court **DENIES AS MOOT** Defendant's IFP motion.  [ECF No. 2.]

///

///

///

The Court **DIRECTS** the Clerk of Court to close this case. The Court notes that the abuse of the judicial process may result in sanctions. *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021).

**IT IS SO ORDERED**.

Dated: October 15, 2024

Hon. Cathy Ann Bencivengo
United States District Judge